**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NUMBER:

5G PRODUCTION, LLC, a Florida limited
liability company, and LOS GUACOS,
C.A., a Venezuelan corporation,.,

      Plaintiffs,

v.

LATIN WORLD PRODUCTIONS S.A.
d/b/a LATIN WORLD MUSIC GROUP,
and BELIEVE S.A.S.,

      Defendants.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiffs, 5G PRODUCTION, LLC and LOS GUACOS C.A. (collectively referred to

as the "Artist"), by and through their undersigned counsel, file this Complaint against Defendants

LATIN WORLD PRODUCTIONS S.A. d/b/a LATIN WORLD MUSIC GROUP (hereinafter

referred to as the "Label") and BELIEVE SAS (hereinafter referred to as the "Distributor"), and

as grounds thereof states as follows:

**Parties**

1.      The Plaintiff, 5G Production LLC, is a limited liability company formed under the

laws of Florida with a principal place of business in Orlando, Florida, through which Los Guacos

administers and manages certain intellectual property rights, including rights relating to the

musical works and sound recordings that are the subject of this action.

2.      The Plaintiff, Los Guacos C.A., is a corporation organized under the laws of

Venezuela with a principal place of business in Venezuela.

3.      The Defendant, Latin World Productions S.A. d/b/a Latin World Music Group is an entity organized under the laws of under the laws of Venezuela with a principal place of business in Venezuela, and with operations in Miami, Florida.

4.      The Defendant, Believe S.A.S, is an entity organized under the laws of France with a principal place of business in Paris, France.

## Jurisdiction and Venue

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., including claims involving foreign works protected in the United States under 17 U.S.C. §§ 104 and 104A and applicable international copyright treaties. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because they form part of the same case or controversy as the federal copyright claims.

6.      The Court has personal jurisdiction over the Defendants and venue is proper in this District because the Defendants direct, market, distribute and provide their business activities in this District.

## Statement of Facts

7.      The Artist is a Venezuelan musical group that has been performing and recording music since at least 1960.

8.      In its historic worldwide trajectory through the music industry, the Artist has come to be known as "The Superband of Venezuela", being nominated for a Grammy in 2016, and awarded a Latin Grammy in both 2016 and 2017.

**The Hachar Law Group**
15150 NW 79th Ct., Suite 102, Miami Lakes, Florida 33016
Tel: 305.200.1308 | Fax: 305.200.1309

9.      Although throughout this long career the Artist has worked with different record labels and music distributors, at no point in time have they entered into any agreement with the Label for the digital distribution of their music.

10.     The sound recordings that are the subject of this action were created by Plaintiffs and were first published in the Bolivarian Republic of Venezuela.  Copies of the foreign registrations are incorporated herein and attached as Exhibit 1.

11.     The sound recordings constitute "foreign works" within the meaning of the Copyright Act, including 17 U.S.C. §§ 101 and 104, and are entitled to copyright protection in the United States.

12.     The Plaintiffs are the owners, or exclusive owners, of the copyrights in the sound recordings.

13.     Throughout their career, the Plaintiffs have secured and maintained intellectual property rights in their musical catalog under the laws of Venezuela. Those foreign copyrights and neighboring rights remain valid and enforceable pursuant to applicable international copyright treaties, including the Berne Convention for the Protection of Literary and Artistic Works, to which both Venezuela and the United States are parties.

14.     Because the works were first published outside the United States and qualify as foreign works, the Plaintiffs are not required to obtain United States copyright registrations before maintaining this action for copyright infringement.

15.     Notwithstanding the registrations, the Label is monetizing numerous Guaco sound recordings, including by distributing them through Digital Service Providers (hereinafter referred to as "DSP"), such as Spotify, Apple Music, YouTube, Amazon Music and others.

**The Hachar Law Group**
15150 NW 79th Ct., Suite 102, Miami Lakes, Florida 33016
Tel: 305.200.1308 | Fax: 305.200.1309

16. The Defendants falsely claim ownership and exclusive digital distribution rights to the sound recordings, in direct contradiction to the rights owned by the Artist.

17. The Defendants asserted ownership and exclusive digital distribution rights in the Plaintiffs' sound recordings through DSP's. They repeatedly submitted copyright ownership claims, takedown notices, and competing ownership assertions that resulted in the removal, blocking, or monetization of the Plaintiffs' content, the withholding of royalties, and the disruption of the Plaintiffs' existing business relationships with DSPs.

18. Despite the Plaintiffs' repeated objections, supporting ownership documentation, and demands that the Defendants cease their unauthorized exploitation of the recordings, the Defendants continued to assert ownership rights they did not possess and continued exploiting the sound recordings for their own financial benefit.

19. As a direct result of the Defendants' conduct, the Plaintiffs have suffered substantial damages, including lost royalties, delayed or withheld royalty payments, removal or restriction of content from digital platforms, interference with existing and prospective business relationships, and ongoing harm to the value and commercial exploitation of the Plaintiffs' musical catalog.

20. All conditions precedent to the institution of this action and to obtain the relief sought herein have been performed, have occurred and/or have been waived or otherwise excused.

21. The Artist has been forced to retain the services of the undersigned counsel to pursue the remedies to which it is entitled to and has agreed to pay the law firm a reasonable fee for its services.

## Count I - Copyright Infringement

22. The Artist repeats and realleges the allegations set forth in paragraphs 1 through 21 as if fully set forth herein.

23.     The Plaintiffs own, control, or exclusively administer the copyrights and neighboring rights in the sound recordings that are the subject of this action. The recordings were first published in Venezuela and constitute foreign works protected under 17 U.S.C. §§ 101 and 104. The sound recordings are original works of authorship fixed in tangible media.

24.     The Defendants are reproducing the sound recordings by making them available on digital platforms.

25.     The Defendants are distributing copies of the sound recordings to the public through digital downloads and streams.

26.     These acts of reproduction, distribution, and public performance are exclusive rights of the Artist.

27.     The Defendants' exploitation of the recordings is unauthorized and constitutes infringement of the Artist's copyrights.

28.     The Defendants' infringement is willful because they have continued to exploit the recordings despite repeated notice from the Plaintiffs.

29.     The Artist has suffered and continue to suffer damages as a result of defendants' infringement.

### Count II - Declaratory Judgment Regarding Copyright Ownership

30.     The Artist repeats and reallege the allegations set forth in paragraphs 1 through 21 as if fully set forth herein.

31.     An actual controversy exists between the Artist and the Defendants regarding ownership of copyrights in the sound recordings.

32.     The Defendant Label, through the Distributor, claims ownership and has filed copyright ownership claims, takedown notices, and content disputes with digital service providers.

The Hachar Law Group
15150 NW 79th Ct., Suite 102, Miami Lakes, Florida 33016
Tel: 305.200.1308 | Fax: 305.200.1309

These competing claims have created an actual controversy regarding who owns the copyrights in the sound recordings.

33.    The Artist has standing to seek a declaration of its rights in the sound recordings as the performing artist and creator of the sound recordings.

34.    A declaratory judgment will resolve the uncertainty regarding ownership and afford relief from the insecurity caused by the competing claims.

35.    A declaratory judgment is necessary to allow proper exploitation of the recordings and payment of royalties to the rightful owner.

## Count III – Conversion

36.    The Artist repeats and realleges the allegations set forth in paragraphs 1 through 21 as if fully set forth herein.

37.    By virtue of the Artist's ownership of or the right to possession of the sound recordings grants it the rights to collect all royalties generated from their exploitation.

38.    The Defendants wrongfully exercised dominion and control over the sound recordings by distributing them without authorization.

39.    The Defendants wrongfully exercised dominion and control over identifiable royalty proceeds collected from digital exploitation of the recordings. The Defendants converted royalty payments by retaining revenues that belong to the Artist.

40.    As a result of the Defendants' conversion, the Artist has suffered damages in the amount of converted royalties and lost value of the recordings.

## Count IV - Tortious Interference with Business Relationships

41.    The Artist repeats and realleges the allegations set forth in paragraphs 1 through 21 as if fully set forth herein.

**The Hachar Law Group**
15150 NW 79th Ct., Suite 102, Miami Lakes, Florida 33016
Tel: 305.200.1308 | Fax: 305.200.1309

42.     The Artist has business relationships with digital service providers including, without limitation, Spotify, Apple Music, YouTube, Amazon Music, Deezer, Pandora, SoundExchange, and other digital music platforms and royalty administrators.

43.     The Defendants knew of these business relationships because they operate in the same industry and filed takedown notices with the same platforms.

44.     The Defendants intentionally interfered with these business relationships by filing false takedown notices claiming ownership of the recordings, causing the platforms to remove Artist's content.

45.     The interference was unjustified because defendants lack valid ownership claims to the recordings.

46.     As a result of the Defendant's tortious interference, the Artist has suffered damages including lost distribution opportunities, frozen royalties, removal of content from major platforms, and inability to exploit the sound recordings.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request that this Court enter judgment in their favor and against the Defendants and grant the following relief:

**A.**     A declaration that the Plaintiffs are the lawful owners of the copyrights in the sound recordings identified in this Complaint and that the Defendants have no ownership rights, distribution rights, or other legal or equitable interest in those sound recordings;

**B.**      A declaration that the Defendants' exploitation of the sound recordings constitutes copyright infringement under 17 U.S.C. § 501;

**C.**     A permanent injunction enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them, from further reproducing,

The Hachar Law Group
15150 NW 79th Ct., Suite 102, Miami Lakes, Florida 33016
Tel: 305.200.1308 | Fax: 305.200.1309

distributing, publicly performing, or otherwise exploiting the sound recordings or asserting any ownership or distribution rights in the sound recordings;

**D.**     Actual damages sustained by Plaintiffs as a result of Defendants' copyright infringement, together with the  Defendants' profits attributable to the infringement that are not taken into account in computing actual damages, pursuant to 17 U.S.C. § 504(b);

**E.**     An accounting of all revenues, royalties, and other proceeds collected or received by the Defendants from the exploitation of the sound recordings;

**F.**     Disgorgement of all royalties, revenues, and profits wrongfully retained by the Defendants from the exploitation of the sound recordings;

**G.**     Compensatory damages for conversion of royalty proceeds in an amount to be proven at trial;

**H.**     Compensatory damages for tortious interference with business relationships, including lost distribution opportunities, frozen or withheld royalties, removal of content from digital platforms, and diminution in value of the Plaintiffs' musical catalog, in an amount to be proven at trial;

**J.**     Prejudgment interest on all damages awarded at the statutory or legal rate;

**K.**      Post-judgment interest on all amounts awarded at the statutory or legal rate;

**L.**     Costs of suit, including reasonable attorneys' fees if applicable pursuant to 17 U.S.C. § 505;

**M.**     Such other and further relief as the Court deems just and proper.

**The Hachar Law Group**
15150 NW 79th Ct., Suite 102, Miami Lakes, Florida 33016
Tel: 305.200.1308 | Fax: 305.200.1309

**<u>REQUEST FOR JURY TRIAL</u>**

The Plaintiffs respectfully request a trial by jury on all issues so triable.

Dated this 5th day of August 2026.

Respectfully Submitted,


*/s/ Kendrick Almaguer*
The Hachar Law Group
Kendrick Almaguer, Esq.
Florida Bar No. 55323
Michael McCormick, Jr.
Florida Bar No. 1002312
*Counsel for Plaintiffs*
15150 NW 79th Court, Suite 102
Miami Lakes, Florida 33016
305.200.1308
305.200.1309 fax
kendrick@hachargroup.com
Michael@hachargroup.com

**The Hachar Law Group**
15150 NW 79th Ct., Suite 102, Miami Lakes, Florida 33016
Tel: 305.200.1308 | Fax: 305.200.1309